UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 OCT 22 AM 10: 19

CLERK
BY _____
DEPUTY CLERK

AMBER NEDDO, as guardian and next )
friend to Z.N., C.B., and A.B., and all others )
similarly situated, )
)
    Plaintiff, )
)
v. )    Case No. 2:23-cv-396
)
MONSANTO COMPANY, SOLUTIA INC., )
and PHARMACIA LLC, )
)
    Defendants. )

**Order on Preparation of Certification Order**

This case concerns a class action claim for medical monitoring of individuals alleged to have been exposed to polychlorinated biphenyls (PCBs) while attending, teaching, or otherwise present in Vermont public schools. Plaintiffs seek to apply the newly enacted medical monitoring statute, 21 V.S.A. §§ 7201 *et seq.* to provide a remedy for class members exposed to PCBs. Defendants have moved to dismiss the complaint on multiple grounds—two of which present purely legal issues of construction of the Vermont statute. These issues are:

1. Whether Vermont's medical monitoring statute applies to products such as PCBs which were manufactured out of state and purchased by third parties, also out of state, to make building supplies and other products used in the construction of Vermont schools; and

2. Whether the medical monitoring statute provides a remedy against an out-of-state manufacturer who ceased production of the substance at issue *prior* to the enactment of the medical monitoring statute.

Before the hearing on the motion to dismiss, the court alerted the parties to the possibility of certification of these two issues of state law to the Vermont Supreme Court. The court has now decided that certification is appropriate under the standards set out at Vermont Rule of Appellate Procedure 14. *See* Local Rule 74 ("Certifying Questions of State Law"). The primary reasons for this decision are that the medical monitoring statute was recently enacted. The Vermont Supreme Court has had no opportunity to rule on the fundamental questions raised by this case. The issues are state-law questions and there are no overlapping issues of federal law. The facts relevant to these two issues are not in dispute. The parties agree that Defendants were the sole manufacturers of the PCB product at two facilities located in other states.[1] They also agree that PCBs entered some Vermont public school buildings when the substance was used as an ingredient in products such as window caulk and fluorescent light ballasts. These products were manufactured by third parties and incorporated into some Vermont schools. The parties also agree that sale of PCBs by Defendants ceased in 1977.

The court will prepare a more formal certification order for transmission to the Vermont Supreme Court. Before doing so, the court welcomes the assistance of the parties in preparing an order addressing the questions of law to be answered and supplying a summary of the relevant facts. The court allows both parties two weeks from the date of this order to file memoranda addressing the requirements of VRAP 14. The court asks that during this period, the parties confer about any potential areas of agreement and stipulate on any issues about which there is no dispute.

Dated at Burlington, in the District of Vermont, this 22nd day of October, 2024.

/s/ Geoffrey W. Crawford
Geoffrey W. Crawford, Judge
United States District Court

---

[1] The court omits the history of "Old Monsanto" and the creation of the three successor companies who are the defendants here. For purposes of construction of the medical monitoring statute, it is sufficient to identify the defendants, collectively, as the sole American manufacturer of PCBs.