UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

AMBER NEDDO, as guardian and next )
friend to Z.N., C.B., and A.B., and all others )
similarly situated, )
)
    Plaintiff, )
)
v. ) Case No. 2:23-cv-396
)
MONSANTO COMPANY, SOLUTIA INC., )
and PHARMACIA LLC, )
)
    Defendants. )

**Order Certifying Questions of Law to Vermont Supreme Court**

The court issues the following order certifying two questions of state law pursuant to Rule 14 of the Vermont Rules of Appellate Procedure and Rule 74 of the Local Rules of Civil Procedure for the District of Vermont.

**Introduction**

This case is a putative class action seeking to enforce the medical monitoring remedy provided by 12 V.S.A. §§ 7201 et seq. The proposed class consists of individuals allegedly exposed to polychlorinated biphenyls ("PCBs") in Vermont public school buildings. Defendants are the sole manufacturers of PCBs. From the mid-1930's until the late 1970's, PCBs were used in many industrial settings. These chemicals have been banned for commercial uses since 1979.

Plaintiff allege that her minor children and other class members are at heightened risk for certain medical conditions because of their exposure to PCBs through products such as window caulk and fluorescent light ballasts. These are only two examples of building materials manufactured by third parties with the use of PCBs. Plaintiff seeks class relief establishing

1

procedures for the reimbursement of the cost of medical monitoring directed at identifying and diagnosing cancers and other ailments that she alleges are associated with exposure to PCBs.

Defendants have filed a motion to dismiss the complaint on two legal grounds.[1] These are:

- Vermont's medical monitoring statute applies only to release of toxic substances directly from facilities such as factories located within Vermont; and

- The statute does not apply retroactively to releases prior to the effective date of the legislation, which is July 1, 2022. Vt. Act No. 93, § 1.

The motion to dismiss raises unsettled questions of state law that this court seeks to certify to the Vermont Supreme Court. In the court's view, these questions satisfy the requirements in V.R.A.P. 14(a) that the potential answers will determine issues in this pending case and that there is now no clear and controlling Vermont precedent.

## Questions of Law to be Answered

The parties have identified two questions of law to be answered. They have stipulated to the first and submitted competing proposals as to the second. The court certifies the following questions:

**Question 1**:

Was a toxic substance "released" from a facility within the meaning of Vermont's medical-monitoring statute, Vt. Stat. Ann. Tit. 12, §§ 7201–02, where a manufacturer sold a

---

[1] Defendants' motion to dismiss also raises issues of personal jurisdiction (withdrawn); standing; and sufficiency of the allegations to satisfy the elements of the medical-monitoring remedy. (Doc. 27). This court does not seek certification of those questions because they do not raise novel questions of state law (standing) or because they concern the sufficiency and plausibility of the allegations under federal pleading standards (failure to allege tortious conduct, causation, exposure at a rate significantly greater than the general population, and medical necessity and reasonable cost.)

2

toxic substance from facilities outside Vermont to third parties who incorporated the toxic substance into finished products used in Vermont schools, and the toxic substance subsequently leaked into the air of the Vermont schools?

**Question 2**:

Does Vermont's medical-monitoring statute provide a remedy under the following circumstances:

(a) to a plaintiff whose exposure to a toxic substance occurred before the statute was enacted; or

(b) against a defendant who sold a toxic substance to a third-party before the statute was enacted.

### Stipulated Facts

For purposes of certification, the parties have stipulated to the following facts drawn from the complaint. [2]

From the mid-1930's until the late 1970's, the former Monsanto Company ("Old Monsanto") was the only commercial manufacturer of chemicals called polychlorinated biphenyls ("PCBs"). Compl. ¶ 1.[3] Old Monsanto knew that PCBs were toxic as early as 1937, and its knowledge of the chemical's toxicity grew steadily through 1979, when Congress banned the commercial manufacturing and distribution of PCBs. *Id.* ¶¶ 20, 32-64. Old Monsanto

---

[2] The defendants "do not concede that all of these facts are legally relevant to the proposed certified questions" and limit their stipulation to the pending motion to dismiss only. (Doc. 44, n 1.)

[3] Old Monsanto was reorganized into three separate companies—Defendants in this case—in a series of transactions beginning in the late 1990s. Compl. ¶ 11. The current Monsanto Co. carries on Old Monsanto's agricultural products business; Solutia Inc., operates Old Monsanto's chemical-products business; and Pharmacia LLC inherited the pharmaceutical business. *Id.*

manufactured PCBs at two facilities, one in Alabama and the other in Illinois. *Id.* ¶ 30. Old Monsanto sold and distributed PCBs from those two facilities to third-party manufacturers for incorporation into finished products. *Id.* ¶¶ 29-31. Old Monsanto knew that PCBs would inevitably leak from virtually all finished products. *Id.* ¶¶ 45, 50, 53, 64. Those third-party manufacturers used PCBs in a range of industrial and commercial applications, including in building materials such as fluorescent light ballasts and caulk. *Id.* ¶¶ 5, 18, 65. Some of these finished products were incorporated into Vermont schools. *Id.* ¶¶ 5, 65. PCBs later leaked from those products into the air in Vermont schools. *Id.*

Plaintiff brings this action on behalf of her three children, who were exposed to elevated PCB levels while attending the Cabot School in Vermont, and a putative class of individuals who attended or worked at the 26 Vermont schools with high levels of PCBs. Compl. ¶¶ 68, 85-88. Plaintiff seeks medical monitoring under Vermont's medical-monitoring statute, Vt. Stat. Ann. Tit. 12, §§ 7201-02, which became law in 2022. Vt. Act No. 93, § 1.

For purposes of this Certification Order, it is undisputed that Old Monsanto was "the owner or operator of a large facility" outside the state of Vermont and that PCBs are "a proven toxic substance" within the meaning of Vermont's medical-monitoring statute.

### Acknowledgement

The court and the parties acknowledge that the Vermont Supreme Court may reformulate the certified questions.

### Names and Addresses of Counsel of Record

Plaintiff's counsel of record:

> Joslyn Wilschek
> (802) 249-7663
> Anthony Iarrapino
> (802) 522-2802

4

Wilschek Iarrapino Law Office PLLC
35 Elm St., Suite 200
Montpelier, VT 05602

Defendants' counsel of record:

Ian P. Carleton, Esq.
Sheehey Furlong & Behm P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891

## Responsibility for Entry Fee

The parties have agreed that plaintiff shall remit the entry fee to the Supreme Court;

Defendants shall reimburse Plaintiff for one half of the fee.

.

Dated at Burlington, in the District of Vermont, this 15th day of November, 2024.

/s/ Geoffrey W. Crawford
District Judge
United States District Court

5