UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 FEB -3  A 10: 26

CLERK
BY _____c-DC_____
DEPUTY CLERK

| | |
|---|---|
| AMBER NEDDO, as guardian and next friend to Z.N., C.B., and A.B., and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA LLC,)<br><br>*Defendant(s).* | Case No. 2:23-cv-396-gwc |

## STIPULATED MUTUAL CLAWBACK AGREEMENT

Plaintiff Amber Neddo as guardian and next friend to Z.N., C.B., and A.B., and on behalf of all others similarly situated ("Plaintiff"), and Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC ("Defendants," and collectively with Plaintifs, the "Parties") have stipulated to the entry of this Stipulated Mutual Clawback Agreement ("Stipulation") in the above-referenced matter.

For purposes of this Stipulation, "Protected Information" means any information, whether such information is contained in a hard-copy document or electronically stored information (ESI), that has been produced by a party in the matter that could have been withheld, in whole or in part, based on a claim of attorney-client privilege, work-product protection, mediation privilege, deliberative process privilege, or other applicable privilege. For purposes of this Stipulation, "production" means information and/or documents produced, submitted, used, or exchanged by a party in the matter.

This Stipulation applies to all Protected Information produced inadvertently or otherwise that comes to the attention of a party through production in the matter.

Production of Protected Information shall not constitute a waiver of any attorney-client privilege, work-product protection, mediation privilege, deliberative process privilege, or other applicable protection in the matter or any other proceedings, provided that the producing party notifies the receiving party, in writing, of the production within fifteen (15) business days of learning of the production. If the producing party notifies the receiving party, in writing, of a production of Protected Information, the receiving party shall, within ten (10) business days, return, sequester, or destroy all copies of the Protected Information and provide a certification of counsel that all such Protected Information has been returned, sequestered or destroyed. The receiving party's compliance with this section does not constitute acknowledgement of or acquiescence in the substantive claim of privilege or protection asserted by the producing party.

Within ten (10) business days of the notification that such Protected Information has been returned, sequestered, or destroyed, the party claiming privilege or protection shall produce a privilege log with respect to the Protected Information. If the producing party claims only a portion of the Protected Information is privileged or protected, the producing party shall provide, along with the privilege log, a new copy of the Protected Information with the allegedly privileged or protected portions redacted.

The receiving party may move the Court for an order compelling production of the disclosed Protected Information ("Privilege Motion"). The Privilege Motion shall not assert waiver as a ground for entering such an order based solely on the fact or circumstances of the production. If the receiving party submits Protected Information to the Court in connection with a Privilege Motion, that party shall either 1) submit the Protected Information for *in camera* review or 2) label

the Protected Information "CONFIDENTIAL" and file it with a Motion to File Under Seal. Prior to filing a Privilege Motion, the Parties must attempt in good faith to settle the dispute by agreement.

The party claiming privilege or protection retains the burden of establishing the privileged or protected nature of any Protected Information.

Respectfully submitted,

                                            **AMBER NEDDO, as guardian and next friend to Z.N., C.B., and A.B., and all others similarly situated**

Dated: January 30, 2026                    By: */s/Hannah Hilligoss*

                                            **EDELSON PC**
Jimmy Rock
jrock@edelson.com
EDELSON PC
1255 Union Street NE, 7th Floor
Washington, DC 20002
(202) 270-4777

J. Eli Wade-Scott (admitted *pro hac vice*)
ewadescott@edelson.com
Michael Ovca (admitted *pro hac vice*)
movca@edelson.com
Hannah Hilligoss (admitted *pro hac vice*)
hhilligoss@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
(312) 589-6370

*Counsel for Plaintiff and the putative class*

|  |  |
|---|---|
|  | MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA LLC |
| Dated: January 30, 2026 | By: /s/Hannah C. Waite |

**SHEEHEY FURLONG & BEHM P.C.**
Ian P. Carleton
icarleton@sheeheyvt.com
Alexandrea L. Nelson
anelson@sheeheyvt.com
Devin T. McKnight
dmcknight@sheeheyvt.com
Hannah C. Waite
hwaite@sheeheyvt.com
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891

**GIBSON, DUNN & CRUTCHER LLP**
Lauren R. Goldman (pro hac vice)
lgoldman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue New York, NY 10166
(212) 351-4000

Amir C. Tayrani (pro hac vice)
atayrani@gibsondunn.com
Russell B. Balikian (pro hac vice)
rbalikian@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
(202) 955-8500

*Counsel for Defendants Monsanto Company, Solutia, Inc., and Pharmacia LLC*

**APPROVED and SO ORDERED:**

_____
Hon. Geoffrey W. Crawford
U.S. District Judge

4